IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **Delicious, Inc.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Ricardo Lopez & Racheal Lopez, d/b/a** )<br>**Delicious Tamales,** )<br>)<br>**Defendants.** ) | CASE NO. 5:18-cv-41 |

## ORIGINAL COMPLAINT

1. Delicious, Inc. files this Complaint for federal trademark infringement, false designation of origin and false advertising under federal law, state trademark infringement, and unfair competition under state law to stop the unauthorized use by Defendants of Plaintiff's registered trademarks and to recover damages related to that unauthorized use.

### I. The Parties

2. Plaintiff Delicious, Inc. (hereinafter "Plaintiff" or "Delicious"), is a Texas Corporation, having its principal place of business in Bexar County, Texas located at 1330 Culebra Road, San Antonio, Texas, 78201.

3. On information and belief, Ricardo Lopez is an individual living and residing in San Antonio, Texas. On information and belief, Ricardo Lopez is the co-owner and proprietor of a restaurant operating under the name "Delicious Tamales." On information and belief, Ricardo Lopez may be served at 5510 Blanco Road, Suite 2, San Antonio, Texas, 78216. Alternatively, on information and belief, Ricardo Lopez may be served at 3003 Pleasanton Road, San Antonio, Texas, 78211. Alternatively, on information and belief, Ricardo Lopez may be served at 4705 Rigsby Avenue, San Antonio, Texas, 78222.

1

4. On information and belief, Racheal Lopez is an individual living and residing in San Antonio, Texas. On information and belief, Racheal Lopez is the co-owner and proprietor of a restaurant operating under the name "Delicious Tamales." On information and belief, Racheal Lopez may be served at 5510 Blanco Road, Suite 2, San Antonio, Texas, 78216. Alternatively, on information and belief, Racheal Lopez may be served at 3003 Pleasanton Road, San Antonio, Texas, 78211. Alternatively, on information and belief, Racheal Lopez may be served at 4705 Rigsby Avenue, San Antonio, Texas, 78222.

5. In this Original Complaint, Ricardo and Racheal Lopez are collectively referred to as "Defendants."

## II. Jurisdiction and Venue

6. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338. Defendant operates its business in Bexar County, and the acts complained of herein occurred and continue to occur in Bexar County, Texas.

7. Supplemental jurisdiction over Plaintiff's state law claims are proper pursuant to 28 U.S.C. § 1367.

8. The Court has personal jurisdiction over Defendants as they reside in the State of Texas.

9. Venue is properly located in the Western District of Texas, San Antonio Division under 28 U.S.C. §§ 1391(b) and because Defendants or their agents may be found in this District, Defendants reside in this District, or a substantial part of the events giving rise to the asserted claims occurred in this District.

### III. Factual Allegations

**A.     Plaintiff's Federal Trademark Rights**

10.     Plaintiff owns the federally-registered service mark for DELICIOUS TAMALES, U.S. Reg. No. 3,671,491 which it filed on November 9, 2007 and which registered August 25, 2009. The services identified under the registration are "Restaurant services." The registration has a date of first use of at least as early as December 2000 and is on the Principal Register under the Lanham Act. Attached as Exhibit A is a true and correct copy of the registration certificate.

11.     The filing of the application for registration for DELICIOUS TAMALES constituted constructive use of the mark as of November 15, 2007, conferring a right of priority, nationwide in effect, on or in connection with the goods or services specified in the registration against any other person under 15 U.S.C. § 1057(c).

12.     On September 11, 2014, Plaintiff filed a Combined Declaration of Use and Incontestability under Sections 8 & 15 of the Lanham Act for the DELICIOUS TAMALES registration for restaurant services. On September 20, 2014, the U.S. Trademark Office accepted Plaintiff's combined declaration.

13.     Plaintiff's right to use the mark is incontestable under Section 15. As such, the registration certificate for DELICIOUS TAMALES, U.S. Reg. No. 3,671,491 attached as Exhibit A is *conclusive* evidence of:

     a.     the validity of the registered mark;

     b.     of the registration of the mark;

     c.     of the registrant's ownership of the mark; and,

     d.     of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate.

15 U.S.C. § 1115(b).

14. Plaintiff also owns the federally-registered service mark for DELICIOUS TAMALES, U.S. Reg. No. 4,118,112 which it filed on July 22, 2011 and which registered May 27, 2012. The registration is for "Tamales, bunuelos, hot sauce and tortillas" as well as "Chile con carne, and Mexican barbecue, namely, prepared meat." The registration has a date of first use of at least as early as May 1, 1997 and is on the Principal Register under the Lanham Act. Attached as Exhibit B is a true and correct copy of the registration certificate.

15. The filing of the application for registration for DELICIOUS TAMALES constituted constructive use of the mark as of July 19, 2011, conferring a right of priority, nationwide in effect, on or in connection with the goods or services specified in the registration against any other person under 15 U.S.C. § 1057(c).

16. On May 16, 2017, Plaintiff filed a Combined Declaration of Use and Incontestability under Sections 8 & 15 of the Lanham Act for the DELICIOUS TAMALES registration for food products. On July 11, 2017, the U.S. Trademark Office accepted Plaintiff's combined declaration.

17. Plaintiff's right to use the mark is incontestable under Section 15. As such, the registration certificate for DELICIOUS TAMALES, U.S. Reg. No. 4,118,112 attached as Exhibit B is *conclusive* evidence of:

    a. the validity of the registered mark;

    b. of the registration of the mark;

    c. of the registrant's ownership of the mark; and,

    d. of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate.

15 U.S.C. § 1115(b).

**B.      Plaintiff's State Trademark Rights**

18.     Plaintiff further owns the State of Texas registered service mark for DELICIOUS TAMALES FACTORY NO. 2 & Design (with the phrase TAMALE FACTORY NO. 2 disclaimed) under Tex. Reg. No. 5,666,117 which registered on May 2, 1997 for "Tamales." Attached as Exhibit C is a true and correct copy of the Texas registration certificate.

19.     The Texas registration of the DELICIOUS TAMALES FACTORY NO. 2 & Design mark provides constructive notice as of May 2, 1997 throughout Texas of the registrant's claim of ownership of the mark.  Tex. Bus. & Com. Code §16.060(b).

20.     Plaintiff has used the DELICIOUS TAMALES FACTORY NO. 2 & Design mark shown in the Texas registration since May 21, 1980 for sales of "Tamales" in Texas.

21.     The Texas registration was most recently renewed on April 6, 2017 and expires on May 2, 2022.

22.     The Texas registration certificate for DELICIOUS TAMALES FACTORY NO. 2 & Design attached as Exhibit C is *prima facie* evidence of:

      a.     the validity of the registered mark,

      b.     of the registrant's ownership of the mark, and

      c.     of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate.

Tex. Bus. & Com. Code §16.060(c).

23.     All of the registrations in Exhibit A, Exhibit B, and Exhibit C are in full force and effect, and the marks are still owned and used by Plaintiff.  They are collectively hereinafter referred to as the "DELICIOUS TAMALES" marks.

C. **Plaintiff's Famous Delicious Tamales Marks**

24. Plaintiff owns a fast-growing chain of restaurants that provide restaurant services and food products under the DELICIOUS TAMALES marks. Plaintiff's DELICIOUS TAMALES marks are widely known among San Antonians. For example, Plaintiff has developed widespread recognition and acclaim for its DELICIOUS TAMALES restaurants and products.

25. In addition to word-of-mouth publicity, Plaintiff has advertised DELICIOUS TAMALES restaurants and products in various media, has been recognized in newspaper articles and features for its excellent food. Since its inception, DELICIOUS TAMALES restaurants have sustained a very high level of business. Delicious estimates it serves over two million tamales per year at its locations.

26. Plaintiff has advertised its DELICIOUS TAMALES brand extensively and at great expense, including through direct mail, billboards, television advertisements, print ads in the San Antonio Express-News newspaper, and on its website https://delicioustamales.com as shown below:



27. Plaintiff commenced use of the DELICIOUS TAMALES marks at least as early as in 1980 in San Antonio.

28. In 1981, Plaintiff commenced use of the DELICIOUS TAMALES marks at a restaurant located at the intersection of Cincinnati Ave. and Wilson Blvd. in San Antonio.

29. In 1985, Plaintiff relocated to its current flagship factory and restaurant location at 1330 Culebra Rd., San Antonio. Plaintiff has continuously used the DELICIOUS TAMALES marks at that location since that time.

30. In 1991, Plaintiff expanded use of the DELICIOUS TAMALES marks to another restaurant location at 4510 West Avenue in San Antonio.

31. Plaintiff, over three decades, expended great energy and financial resources to develop seven locations of the DELICIOUS TAMALES restaurants in an around the city of San Antonio, Texas, as shown at the round markers on the map below:



32. The unique and distinctive nature of Plaintiff's marks, the goods and services offered therewith, the advertising associated therewith, and widespread and favorable public acceptance and recognition have contributed to Plaintiff's DELICIOUS TAMALES marks becoming strong marks and assets of substantial value as a symbol of Plaintiff's restaurant services and its food products.

33. DELICIOUS TAMALES marks symbolize the favorable goodwill consumers have toward Plaintiff and its goods and services. Often, Plaintiff's sales are to repeat customers who purchase Plaintiff's goods and services based on prior satisfaction.

34. Plaintiff's use of the DELICIOUS TAMALES marks in commerce has been continuous, open and widely known.

### D. Defendants' Infringement of Plaintiff's Trademark Rights

35. In the summer of 2017, Defendants opened a restaurant selling Mexican-style food, principally tamales, using the DELICIOUS TAMALES marks.

36. Defendants' brazenly located their new restaurant at 5510 Blanco Road, Suite 2, in San Antonio, a mere one mile from Plaintiff's long-established location at 4510 West Avenue, and almost in the middle of Plaintiff's geographic territory in San Antonio as shown below:



(Defendants' new Blanco Rd. location shown in proximity to Plaintiff's West Ave. location.)

37. On information and belief, Defendants use the DELICIOUS TAMALES mark prominently at their new 5510 Blanco Road location, on menu and signage, when interacting with customers in person or on the phone, and in online advertising as shown below:



9

38. Immediately following the opening of the 5510 Blanco Road location, Plaintiff received numerous complaints from customers regarding the quality of the food sold at Defendants' location.

39. Because of the close proximity of Defendants' 5510 Blanco Road location to Plaintiff's 4510 West Avenue location, customers complained to Plaintiff, believing that both locations were owned by the same individuals or company.

40. On information and belief, a substantial number of customers and prospective customers who visit Defendants' 5510 Blanco Road location are confused into believing that the restaurant at 5510 Blanco Road is affiliated with Plaintiff.

41. Defendants had constructive notice of Plaintiff's ownership of the federally-registered DELICIOUS TAMALES marks since at least as early as November 15, 2007.

42. Defendants had constructive notice of Plaintiff's ownership of the Texas Registration for DELICIOUS TAMALE FACTORY NO. 2 & Design since May 2, 1997.

43. Defendants' use of the DELICIOUS TAMALES marks at the 5510 Blanco Road location has been without Plaintiff's permission.

44. Defendants' acts have injured and are likely to further injure the business reputation and to dilute the distinctive quality of Plaintiff's marks and damage Plaintiff's good-will. Upon information and belief, Defendants' acts have been committed maliciously, willfully, and wantonly to deprive Plaintiff of rights and property, and the complained-of acts are being done maliciously and willfully and with reckless disregard for Plaintiff's rights. Plaintiff has been and will continue to be damaged.

45. Evidencing their willful infringement of Plaintiff's exclusive rights, Defendant has been aware of Plaintiff's intent to enforce its rights since receiving two cease and desist letters from

Plaintiff dated October 4, 2017 which was delivered by certified mail and signed for on October 6, 2017 and again on November 13, 2017 and signed for on November 14, 2017.

46. Plaintiff notified the Defendant of the problems described herein and has attempted on multiple occasions, before filing suit, to resolve the matter informally and amicably. Defendants failed to communicate with Plaintiff regarding this matter. At this time, Defendants appear to fully disregard the rights of Plaintiff and the injury which is likely to follow.

## IV. Claims

### Claim 1:   Federal Trademark Infringement under the Lanham Act

47. The foregoing paragraphs are incorporated herein by reference.

48. Plaintiff is the exclusive owner of the federally-registered DELICIOUS TAMALES marks as set forth above and shown in Exhibits A and B, which are valid, enforceable, and eligible for protection, including the registered DELICIOUS TAMALES marks.

49. The federally-registered DELICIOUS TAMALES marks are incontestable.

50. Delicious, Inc. has the exclusive right to use the registered DELICIOUS TAMALES marks in commerce.

51. Defendants without authorization have used in commerce and reproduced, counterfeited, copied or colorably-imitated the federally-registered DELICIOUS TAMALES marks in connection with the sale, offering for sale, distribution, or advertising of goods or services at their 5510 Blanco Road location which has caused actual confusion and is likely to cause confusion, or to cause mistake, or to deceive, all in violation of 15 U.S.C. § 1114(1)(a).

52. Defendants without authorization have reproduced, counterfeited, copied or colorably-imitated the registered DELICIOUS TAMALES marks and applied such reproduction, counterfeit, copy, or colorable imitation to signs or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of

goods or services at their 5510 Blanco Road location which has caused actual confusion and is likely to cause confusion, or to cause mistake or to deceive, all in violation of 15 U.S.C. § 1114(1)(b).

53. Defendants' use in commerce of Plaintiff's registered DELICIOUS TAMALES marks is a violation of the Lanham Act.

54. Defendants had constructive notice of Plaintiff's registered DELICIOUS TAMALES marks. In addition, Defendants also had actual notice of Plaintiff's trademark rights, at least because Plaintiff contacted the Defendants and requested they cease using the DELICIOUS TAMALES marks in connection with their 5510 Blanco Road location.

55. Defendants' activities and conduct have harmed and continue to harm Plaintiff. Accordingly, Plaintiff is entitled to recover its damages, Defendants' profits received as a result of the infringing activities and conduct, and the costs of bringing this action pursuant to 15 U.S.C. § 1117.

56. Defendants' activities and conduct, as described herein, were committed willfully and with reckless disregard for Plaintiff's rights. Plaintiff is entitled to recover treble damages and reasonable attorney's fees, in addition to, actual damages pursuant to 15 U.S.C. § 1117.

57. Defendants' use in commerce of Plaintiff's DELICIOUS TAMALES marks has caused loss of goodwill and profits to Plaintiff and has damaged the reputation of good and services under the DELICIOUS TAMALES marks, and has injured the public by causing confusion, mistake, and deception.

58. Plaintiff has no control over the nature and quality of the goods or services manufactured, sold, or advertised by Defendants. Any failure, neglect, or deficiencies by Defendants in providing such products will reflect adversely on Plaintiff as the believed source or origin

thereof, thereby hampering efforts by Plaintiff to continue to protect its reputation for high quality products, resulting in the loss of sales, all to the irreparable injury of Plaintiff. Defendants' activities will continue to cause irreparable injury and damage unless restrained by this Court.

59.     The goodwill and reputation of Plaintiff's business in connection with its trademarks are of significant value and it will suffer irreparable injury should this Court allow Defendants' use to continue to the detriment of Plaintiff's trade reputation and goodwill. Plaintiff has no adequate remedy at law for Defendants' violations of 15 U.S.C. § 1114. Because this irreparable injury cannot be adequately calculated or compensated solely by money damages, Plaintiff seeks preliminary and permanent injunctive relief pursuant 15 U.S.C. § 1116.

**Claim 2:   Federal Violation of Lanham Act Section 43(a)**

60.     The foregoing paragraphs are incorporated herein by reference.

61.     Plaintiff is the exclusive owner of the DELICIOUS TAMALES marks as set forth above and shown in Exhibits A and B, which are valid, enforceable, and eligible for protection, including the registered DELICIOUS TAMALES marks.

62.     The federally-registered DELICIOUS TAMALES marks are incontestable.

63.     Plaintiff has the exclusive right to use the registered DELICIOUS TAMALES marks in commerce.

64.     Defendants' use of the registered DELICIOUS TAMALES marks, in commerce and without Plaintiff's authorization, in connection with the sale of goods and services not from Plaintiff, including at the 5510 Blanco Road location, constitutes a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or

approval of Defendants' goods and services by Plaintiff in violation of 15 U.S.C. § 1125(a)(1)(A).

65. Defendants' use in commerce of Plaintiff's registered DELICIOUS TAMALES marks is a violation of the Lanham Act.

66. Defendants had constructive notice of Plaintiff's registered DELICIOUS TAMALES marks. In addition, Defendants also had actual notice of Plaintiff's trademark rights, at least because Plaintiff contacted the Defendants and requested they cease using the DELICIOUS TAMALES marks in connection with their 5510 Blanco Road location.

67. Defendants' activities and conduct have harmed and continue to harm Plaintiff. Accordingly, Plaintiff is entitled to recover its damages, Defendants' profits received as a result of the infringing activities and conduct, and the costs of bringing this action pursuant to 15 U.S.C. § 1117.

68. Defendants' activities and conduct, as described herein, were committed willfully and with reckless disregard for Plaintiff's rights. Plaintiff is entitled to recover treble damages and reasonable attorney's fees, in addition to, actual damages pursuant to 15 U.S.C. § 1117.

69. Defendants' use in commerce of Plaintiff's DELICIOUS TAMALES marks has caused loss of goodwill and profits to Plaintiff and has damaged the reputation of good and services under the DELICIOUS TAMALES marks, and has injured the public by causing confusion, mistake, and deception.

70. Plaintiff has no control over the nature and quality of the goods or services manufactured, sold, or advertised by Defendants. Any failure, neglect, or deficiencies by Defendants in providing such products will reflect adversely on Plaintiff as the believed source or origin thereof, thereby hampering efforts by Plaintiff to continue to protect its reputation for high

quality products, resulting in the loss of sales, all to the irreparable injury of Plaintiff. Defendants' activities will continue to cause irreparable injury and damage unless restrained by this Court.

71. The goodwill and reputation of Plaintiff's business in connection with its trademarks are of significant value and it will suffer irreparable injury should this Court allow Defendants' use to continue to the detriment of Plaintiff's trade reputation and goodwill.  Plaintiff has no adequate remedy at law for Defendants' violations of 15 U.S.C. § 1114. Because this irreparable injury cannot be adequately calculated or compensated solely by money damages, Plaintiff seeks preliminary and permanent injunctive relief pursuant 15 U.S.C. § 1116.

### Claim 3:   State Trademark Infringement

72. The foregoing paragraphs are incorporated herein by reference.

73. Plaintiff is the exclusive owner of Tex. Reg. No. 5,666,117 as set forth above and as shown in Exhibit C, which is valid, enforceable, and eligible for protection.

74. Plaintiff has the exclusive right to use Tex. Reg. No. 5,666,117 in commerce in the state of Texas.

75. Defendants have, without the consent of Plaintiff, used in commerce a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Texas registered service mark in connection with selling, offering for sale, or advertising services at their 5510 Blanco Road location that has caused and is likely to deceive or cause confusion or mistake as to the source or origin of the services all in violation of Tex. Bus. & Com. Code § 16.102(a).

76. Defendants' acts complained of herein violate Plaintiff's Texas trademark rights. Unless enjoined, Defendants will continue to violate Chapter 16 of the Texas Business and Commerce Code, resulting in irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

15

77. Defendants' acts, as described herein, were committed with actual knowledge of Plaintiff's trademark rights and with intent to cause confusion or mistake or to deceive and with reckless disregard for Plaintiff's rights. Defendants' acts and conduct have harmed and continue to harm Plaintiff. Accordingly, Delicious is entitled to recover its actual damages, exemplary damages, profits received as a result of the infringing acts, and reasonable attorney's fees pursuant to Tex. Bus. & Com. Code §§ 16.102, 16.104.

### Claim 4:   Common Law Unfair Competition

78. The foregoing paragraphs are incorporated herein by reference.

79. Plaintiff is entitled to relief under Texas common law against Defendants for unfair competition.

80. Plaintiff has expended almost three decades of effort selling goods and services under the DELICIOUS TAMALES marks.

81. Plaintiff has a cognizable and protectable legal interest in the DELICIOUS TAMALES marks for use in commerce.

82. Defendants have, without consent of Plaintiff, used the DELICIOUS TAMALES marks in the name and advertising of the goods and services sold at their 5510 Blanco Road location.

83. On information and belief, Defendants' use of the DELICIOUS TAMALES marks, including at their 5510 Blanco Road location, is calculated to deceive and cause the public to deal with Defendants first when the public would have otherwise dealt with Plaintiff.

84. On information and belief, Defendants' special competitive advantage resulted in a diversion of sales from Plaintiff to Defendants, with an accompanying loss in sales, market share, and lost profits.

85. Plaintiff seeks actual damages, including Defendants' profits from use of the DELICIOUS TAMALES marks.

## V. Prayer

WHEREFORE, Plaintiff, Delicious, Inc., respectfully requests that judgment be entered in its favor and against Defendants Ricardo Lopez and Rachael Lopez, and requests relief as follows:

86. Judgment be entered in favor of Plaintiff and against each Defendant as to each of the above counts;

87. Defendants be adjudged to have intentionally infringed and copied Plaintiff's DELICIOUS TAMALES marks and to have manufactured, distributed, marketed, advertised, or sold infringing goods and services, and that the Defendants be adjudged to have falsely designated the origin of its goods and services and therefore be required to pay, under applicable federal, state, and/or common law:

      a. Plaintiff's actual damages and any profits of Defendants associated with said infringement at their 5510 Blanco Road location, said false designation of origin and false representations, including all profits received by Defendants from sales and revenues of any kind made as a result of its actions;

      b. Three times the actual damages of Plaintiff or profits of Defendants resulting from said infringement;

      c. Plaintiff's reasonable attorney's fees;

      d. Plaintiff's costs and expenses; and

      e. Pre-judgment and post-judgment interest.

88. Issuance of a permanent injunction pursuant to applicable federal, state, and/or common law, enjoining Defendants, their officers, agents, employees, servants, attorneys, successors, and

assigns, and all those controlled by, acting on behalf of, in privity with, or acting in concert or active participation with Defendants, from:

    a. operating the restaurant located at 5510 Blanco Road in San Antonio, Bexar County, Texas using the name, signage, menus, receipts, napkins, matchbooks, business cards, placemats, or any other items visible to the consuming public which bear the DELICIOUS TAMALES marks or confusingly similar marks;

    b. undertaking or continuing any advertising or other promotion of any restaurant or food service establishment using the DELICIOUS TAMALES marks or confusingly similar marks;

    c. undertaking or continuing any advertising on the Internet or through social media of any restaurant or food service establishment using the DELICIOUS TAMALES marks or confusingly similar marks;

    d. representing to anyone or committing any acts calculated to cause members of the public to believe that Defendants' goods or services have any authority, sponsorship, affiliation, or any connection with Plaintiff or Plaintiff's goods and services;

    e. using, in any manner, the DELICIOUS TAMALES marks, or any other words or logos similar thereto that may cause, or may be likely to cause, confusion, mistake, or deception by the public, alone or in combination with any other word or words; and,

    f. continuing Defendants' unlawful acts as complained of herein.

89. Defendants be ordered to pay Plaintiff such other and further relief as may be deemed proper.

90. Plaintiff hereby demands a trial by jury on all issues so triable.

January 12, 2018                            HAYNES AND BOONE, LLP

                                         */s/ William B. Nash /s/*
William B. Nash
Texas Bar No. 14812200
Jason W. Whitney
Texas Bar No. 24066288
Alexander B. Lutzky
Texas Bar No. 24098022
112 E. Pecan Street, Suite 1200
San Antonio, Texas 78240
210-978-7000
bill.nash@haynesboone.com
alex.lutzky@haynesboone.com

*Attorneys for Plaintiff Delicious, Inc.*