FILED

JUL 3 1 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DELICIOUS, INC.<br>        Plaintiff,<br><br>v.<br><br>RICARDO LOPEZ &<br>RACHEAL LOPEZ,<br>D/B/A DELICIOUS TAMALES<br>        Defendant. | CASE NO. SA5:18CV00041 OLG |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

On this date came on to be heard DELICIOUS, INC. (hereafter also "Delicious"), Plaintiff, and RICARDO LOPEZ & RACHEAL LOPEZ d/b/a DELICIOUS TAMALES (hereafter also "LOPEZ"), Defendants, and the Court having reviewed the pleadings and evidence of record, is of the opinion that this Judgment should be entered of record in favor of Plaintiff, DELICIOUS, INC. as follows:

### FINDINGS OF FACT

1. Plaintiff contends in its Complaint that Defendant has committed trademark infringement under Federal law and the laws of the State of Texas, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and the laws of the State of Texas.

2. Plaintiff owns the federal registered service mark for DELICIOUS TAMALES, Reg. No. 3,569,092 for "restaurant services" and has used and continues to use the mark in interstate commerce since at least as early as December 2000. Attached as Exhibit "A" is a true and correct copy of Plaintiff's federal service mark certificate of registration issued by the United States Trademark Office for the DELICIOUS TAMALES mark, which is incorporated herein by

reference. The DELICIOUS TAMALES registration in Exhibit "A" is in full force and effect, and the mark is still owned and used by Plaintiff.

3. Plaintiff owns the federal registered service mark for DELICIOUS TAMALES Reg. No. 4,118,112 for "chile con carne, and Mexican barbecue, namely, prepared meat" and for "tamales, bunuelos, hot sauce and tortillas" and has used and continues to use the mark in interstate commerce since at least as early as May 1997. Attached as Exhibit "B" is a true and correct copy of Plaintiff's federal trademark certificate of registration issued by the United States Trademark Office for the DELICIOUS TAMALES mark, which is incorporated herein by reference. The DELICIOUS TAMALES registration in Exhibit "B" is in full force and effect, and the mark is still owned and used by Plaintiff.

4. Plaintiff owns the State of Texas registered service mark for DELICIOUS TAMALES FACTORY NO. 2 & Design, Reg. No. 56,661 for "tamales" which was registered May 21, 1980. Attached as Exhibit "C" is a true and correct copy of Plaintiff's Texas trademark certificate of registration issued by the State of Texas for the DELICIOUS TAMALES FACTORY NO. 2 & Design mark, which is incorporated herein by reference. The DELICIOUS TAMALES FACTORY NO. 2 & Design registration in Exhibit "C" is in full force and effect, and the mark is still owned and used by Plaintiff.

5. Plaintiff also owns the following federal trademark registrations:

   a. DELICIOUS TAMALES, Reg. No. 3,569,092 for "candy mints" and has used and continues to use the mark in interstate commerce since at least as early as May 2004. Attached as Exhibit "D" is a true and correct copy of Plaintiff's federal trademark certificate of registration issued by the United States Trademark Office for the DELICIOUS TAMALES mark, which is incorporated herein by reference. The DELICIOUS TAMALES registration

in Exhibit "D" is in full force and effect, and the mark is still owned and used by Plaintiff.

b. TAMALE POPPERS, Reg. No. 4,308,011 for "tamales" and has used and continues to use the mark in interstate commerce since at least as early as October 2011. Attached as Exhibit "E" is a true and correct copy of Plaintiff's federal trademark certificate of registration issued by the United States Trademark Office for the TAMALES POPPERS mark, which is incorporated herein by reference. The TAMALES POPPERS registration in Exhibit "E" is in full force and effect, and the mark is still owned and used by Plaintiff.

c. SIMPLY DELICIOUS, Reg. No. 3,751,050 for "chile con carne, Mexican barbecue, namely, prepared meat" and for "tamales, bunuelos, and hot sauce" and has used and continues to use the mark in interstate commerce since at least as early as May 2007. Attached as Exhibit "F" is a true and correct copy of Plaintiff's federal trademark certificate of registration issued by the United States Trademark Office for the SIMPLY DELICIOUS mark, which is incorporated herein by reference. The SIMPLY DELICIOUS registration in Exhibit "F" is in full force and effect, and the mark is still owned and used by Plaintiff.

d. , Reg. No. 3,671,513 for "chili con carne, and Mexican barbeque, namely, prepared meat" and for "tamales and salsa" and has used and continues to use the mark in interstate commerce since at least as early as April 2007. Attached as Exhibit "G" is a true and correct copy of Plaintiff's federal trademark certificate of registration issued by the United States Trademark Office for the Plaintiff's mascot mark, which is incorporated herein by reference. The Plaintiff's mascot registration

in Exhibit "G" is in full force and effect, and the mark is still owned and used by Plaintiff.

6. The marks identified in paragraphs 2 through 4 and 5.a. are collectively referred to as "Marks." The marks identified in this paragraph 5.b. through 5.d. are collectively referred to as "Associated Marks."

7. Customers identify Plaintiff's goods and services by the mark DELICIOUS TAMALES.

8. Plaintiff's goods and services are well known for their high quality.

9. Plaintiff has advertised its Marks and Associated Marks extensively and at great expense.

10. The Marks and Associated Marks have become widely and favorably accepted by the community at large and have enjoyed much commercial success.

11. As a result of the unique and distinctive nature of Plaintiff's mark, the goods and services offered therewith, the advertising associated therewith, and widespread and favorable public acceptance and recognition, Plaintiff's DELICIOUS TAMALES mark has a become strong mark and an asset of substantial and incalculable value as a symbol of Plaintiff.

12. Plaintiff's DELICIOUS TAMALES mark has become well-known and widely perceived by consumers as identification of Plaintiff's quality goods and services.

13. DELICIOUS TAMALES symbolizes the favorable goodwill consumers have toward Plaintiff and its goods and services, and regularly, Plaintiff's customers become longtime patrons who continue to seek goods and services from Plaintiff based on prior satisfaction.

14. Plaintiff's use of DELICIOUS TAMALES in interstate commerce has been open and notorious.

15. DELICIOUS TAMALES is a famous mark pursuant to 15 U.S.C. §1125(c) (Lanham Act §43(c)) in, at least, Bexar County and within 150 miles of San Antonio, Texas.

16. Defendants' use in commerce of DELICIOUS TAMALES in connection with the sale, offering for sale, distribution, or advertising of tamales, barbacoa, bunuelos, salsa, hot sauce, and restaurant services is likely to cause confusion, or to cause mistake, or to deceive the relevant consuming public in violation of 15 U.S.C. § 1114.

17. Defendants' use in commerce of DELICIOUS TAMALES in connection with the sale, offering for sale, distribution, or advertising of tamales, barbacoa, bunuelos, salsa, hot sauce, and restaurant services dilutes the distinctive quality of Plaintiff's trademarks in violation of Texas Business & Commerce Code § 16.103.

18. Defendants' use in commerce of DELICIOUS TAMALES and/or DELICIOUS in connection with the sale, offering for sale, distribution, or advertising of tamales, barbacoa, bunuelos, salsa, hot sauce, and restaurant services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff in violation of Texas Business & Commerce Code § 16.102.

19. Defendants' use in commerce of DELICIOUS TAMALES and/or DELICIOUS in connection with the sale, offering for sale, distribution, or advertising of tamales, barbacoa, bunuelos, salsa, hot sauce, and restaurant services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff in violation of 15 U.S.C. § 1125.

20. Defendants' use of DELICIOUS TAMALES in connection with the sale, offering for sale, distribution, or advertising of tamales, barbacoa, bunuelos, salsa, hot sauce, and restaurant services is a counterfeit mark, as defined under the Lanham Act as "a counterfeit of a mark that is registered on

the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use . . . ." 15 U.S.C. § 1116(d)(1)(B)(i).

21. Defendants' use of DELICIOUS TAMALES as a counterfeit mark entitles Plaintiff to elect to recover an award of statutory damages for any counterfeit use of its mark (per 15 U.S.C. § 1116) in the range of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold . . . as the court considers just." 15 U.S.C. § 1117(c)(1).

**THE COURT HEREBY ENTERS** a Judgment in favor of Plaintiff and against Defendants as follows:

I.  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** that this Court has jurisdiction over the subject matter and the Parties to this Final Judgment and Permanent Injunction.

II.  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants' use of DELICIOUS TAMALES in connection with the sale, offering for sale, distribution, or advertising of tamales, barbacoa, bunuelos, salsa, hot sauce, and restaurant services is use as a counterfeit mark and, thereby, entitling Plaintiff to elect to recover an award of statutory damages in the range of not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold . . . as the court considers just.

III.  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** Defendants' deliberate and intentional infringement qualifies this as an exceptional case, justifying an award of costs and attorneys' fees under 15 U.S.C. § 1117(a).

IV.  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants and each of their agents, servants and employees, as well as other parties under their control, are hereby permanently enjoined from:

  A. any further advertising, marketing, distribution, or sale of any goods or services containing or using: DELICIOUS TAMALES (previously defined as the "Marks"),

the Associated Marks, or any confusingly similar marks or colorable imitation thereof; any mark or name or word containing or using the Marks, the Associated Marks, or any confusingly similar marks or colorable imitation thereof; and/or any mark or name or word containing or using "DELICIOUS" or "delicious" or colorable imitation thereof; and

B. any further use of: the Marks, the Associated Marks, or any confusingly similar marks or colorable imitation thereof; any mark or name or word containing the Marks, the Associated Marks, or any confusingly similar marks or colorable imitation thereof; and/or any mark or name or word containing "DELICIOUS" or "delicious" or colorable imitation thereof.

V. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the parties agree not to disparage, slander, or otherwise malign the reputation of each other individually, their business operations, or their products.

VI. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that within sixty (60) days from the file-stamped date of this Final Judgment and Permanent Injunction, Defendants shall:

A. Destroy all advertisements, packaging, menus, receipts, napkins, matchbooks, business cards, placemats, electronic media, or any other items or materials in Defendants' possession, or constructive possession, bearing: the Marks, the Associated Marks, or confusingly similar marks or any colorable imitation thereof; any mark or name or word containing the Marks, the Associated Marks, or confusingly similar marks or any colorable imitation thereof; and/or any mark or

name or word containing or using "DELICIOUS" or "delicious" or colorable imitation thereof.

B. Remove from Defendants' restaurants including, but not limited to, the restaurants located at 5510 Blanco Road, San Antonio, TX 78222; 3003 Pleasanton Road, San Antonio, TX 78211; and 4705 Rigsby Avenue, San Antonio, TX 78222, all signage, advertisements, marks, and/or names bearing the Marks, the Associated Marks, or confusingly similar marks or any colorable imitation thereof, and/or any signage, advertisements, marks, names and/or words containing "DELICIOUS" or "delicious" or confusingly similar or colorable imitation thereof. In removing the signage, advertisements, marks, names and/or words, Defendants shall ensure that any painting over of the use of the Marks or the Associated Marks or use of new signage or advertisements will completely obstruct the word "DELICIOUS" or "delicious" from view by the consuming public.

C. Remove and are hereby permanently enjoined from any further use of the word, mark, or name "DELICIOUS TAMALES" on the Internet and on all social media including, but not limited to, use at the domain www.lopezfamilybrand.com, and the associated sites on Tumblr, Facebook, and Twitter, and will not use the word "delicious" in any use or form including, but not limited to, in advertising, marketing, signage, electronic media, packaging, on the Internet and on all social media including, but not limited to, the sites identified in this paragraph.

D. Remove and are hereby permanently enjoined from any further use of cartoon characters or mascots which are confusingly similar to or are a colorable imitation of

Plaintiff's  characters or mascots, their names Paco and Lola. The use of tamales, corn husks, or corn cobs as the body of any of Defendants' characters or mascot are deemed to be confusingly similar or a colorable imitation and are not allowed or permitted.

E. Defendants will cancel, withdraw, or amend their assumed name filing for use of the name of DELICIOUS TAMALES or DELICIOUS as an assumed name, or in any other form thereof, and shall, likewise, cancel, withdraw, or amend any filings with the Secretary of State that show Defendants using the name DELICIOUS TAMALES or DELICIOUS in any manner or form and Defendants shall provide to Plaintiff's attorneys a copy of any and all documentation prepared, used, and/or received to comply with this paragraph of this Final Judgment and Permanent Injunction with the purpose of proving to Plaintiff that Defendants have complied with this paragraph.

**VII. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any violations of this Final Judgment and Permanent Injunction (a.k.a. "this Order") by Defendants, individually or jointly, or any of Defendant's agents, servants, employees, and successors, and any person in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, are punishable by contempt. Defendants shall use its best efforts to prevent violation of this Order.

**VIII. IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court awards Plaintiff statutory damages and all of its attorneys' fees and costs and orders Defendants to make payment to Plaintiff, by January 22, 2019, in the following manner: Defendants shall pay to Plaintiff

A. Statutory damages in the amount of Eighty Thousand Dollars ($80,000.00);

B. Attorneys' fees in the amount of Twenty-Five Thousand Dollars ($25,000.00); and

C. Costs in the amount of Eight Hundred and Forty Dollars ($840.00).

**IX.    IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Final Judgment shall bind and inure to the benefit of Plaintiff hereto, and to all its assigns and successors in interest, and shall be binding on Defendants, each individually and/or jointly, and any and all of their assigns and/or successors in interest.

Nothing contained in this Final Judgment And Permanent Injunction precludes Plaintiff from seeking and obtaining civil damages for violations of this Final Judgment And Permanent Injunction.

Signed and entered this 31 day of July, 2018.

_____
UNITED STATES DISTRICT COURT
HONORABLE ORLANDO L. GARCIA

**AGREED TO AND APPROVED:**

HAYNES AND BOONE L.L.P.
112 E. Pecan Street, Suite 1200
San Antonio, TX 78205
210-978-7477 (Telephone)

By: _William B. Nash_
WILLIAM B. NASH
State Bar No. 14812200

Date: _July 26, 2018_

ATTORNEYS FOR PLAINTIFF,
DELICIOUS, INC.


**AGREED TO AND APPROVED:**

**RICARDO LOPEZ & RACHEAL LOPEZ
d/b/a DELICIOUS TAMALES**

By: _[signature]_
Ricardo Lopez

Date: _July 26, 2018_

By: _Racheal A Lopez_
Racheal Lopez

Date: _7-26-18_